IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHAWN M KESLING,

     Plaintiff,

v.                                CASE NO. 1:10-cv-151-MP-GRJ

LT. R JERNIGAN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 33, Plaintiff's *pro se* second amended complaint filed pursuant to 42 U.S.C § 1983 ("complaint").   Plaintiff has been granted leave to proceed as a pauper, and this case is before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C § 1915(e)(2).

## Plaintiff's Allegations

At the time this case was filed, Plaintiff was an inmate in the custody of the Florida Department of Corrections serving an Alachua County sentence for convictions of fraud, larceny, and other offenses.  *See State v. Kesling*, Case No. 07-CF-4206 A (3/4/08 guilty adjudication).  Plaintiff was sentenced to 3 years and nine months' imprisonment, followed by 10 years of community supervision.  *See id*.  Plaintiff completed the incarcerative portion of his sentence on March 22, 2011, but was

released to a detainer from Ada County, Idaho, where Plaintiff is presently incarcerated.

*See* Florida DOC Inmate Locator[1]; Doc. 29 (Plaintiff's notice of change of address).

According to the complaint and attached exhibits, Plaintiff's claims stem from a prison disciplinary case in which he was charged with violating a prison regulation prohibiting inmates from establishing or attempting to establish a business relationship with any staff member.  The charges were initiated while Plaintiff was confined at Columbia, and his disciplinary proceeding was held at Santa Fe Work Release Center following his transfer from Columbia.  Plaintiff pleaded guilty, and was sanctioned with the loss of 180 days of gain time and 60 days' disciplinary confinement.  Plaintiff unsuccessfully pursued administrative remedies.  Plaintiff contends that the eight named defendants – officers and officials with the DOC, Columbia Correctional Institution, and the Santa Fe Work Release Center – violated his right to due process in connection with the disciplinary proceeding.  Specifically, Plaintiff contends that his guilty plea to the disciplinary charge was coerced and that he should not have been found guilty of the charged offense.  *See* Doc. 33.  Plaintiff seeks declaratory relief and compensatory and punitive damages.

## **Heck v. Humphrey**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[1]http://www.dc.state.fl.us/InmateInfo/InmateInfoMenu.asp

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

The Supreme Court has applied *Heck* to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that *Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits"). *Heck* is not categorically applicable to all suits challenging prison disciplinary actions. *Muhammad v. Close*, 540 U.S. 749, 754 (2004). But if good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence. *See id.* at 754–55 (stating that where the magistrate judge expressly found or assumed that no good-time credits were eliminated by the challenged prison action, the prisoner's § 1983 suit could not be construed as seeking a judgment at odds with his conviction or sentence).

In this case, Plaintiff's due process claims clearly stray into *Heck* waters, because Plaintiff's contention that his guilty plea to the disciplinary charge was coerced necessarily implies the invalidity of the disciplinary conviction. Absent expungement or invalidation of that disciplinary action, Plaintiff's claims are barred by *Heck*.

Plaintiff's release from the incarcerative portion of his Alachua County sentence does not moot an action for expungement or invalidation of the disciplinary conviction such that he should be allowed to circumvent *Heck's* favorable-termination requirement, because if his gaintime were restored it could affect the date that his community supervision/probation is deemed to commence.  *See*, *e.g.*, *Dawson v. Scott*, 50 F.3d 884, 886 n. 2 (11th Cir.1995) (former prisoner's 28 U.S.C § 2241 habeas corpus challenge to his sentence not moot because the petitioner was "still serving his term of supervised release, which [was] part of his sentence and involve[d] some restrictions upon his liberty," and because success on the merits of his habeas petition could alter his supervised release term).

## Conclusion

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted because it is barred by *Heck*.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Such dismissal should be without prejudice to Plaintiff re-filing the claims in the event that his

disciplinary conviction is expunged or invalidated.[2]

IN CHAMBERS  this 23rd day of September 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] If a Florida prisoner wishes to challenge a disciplinary sanction imposed by the DOC, he must file a petition for habeas corpus or mandamus relief in the appropriate state trial court and, if unsuccessful, he must file a petition for certiorari review in the appropriate state appellate court. *See Jones v. Fla. Dep't of Corr.*, 615 So.2d 798 (Fla. 1st DCA 1993) (holding that appropriate remedy to seek review of order denying administrative appeal of disciplinary report against prisoner is by petition for extraordinary relief in circuit court, and if petition is denied, prisoner may then seek review of final order of circuit court)

*Case No:* 1:10-cv-151-MP-GRJ